# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7226 | **DATE** | 6/18/2003 |
| **CASE TITLE** | Javier Bailey vs. Michael Sheahan, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/9/03 at 1:45P.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court *sua sponte:* (1) dismisses without prejudice all of the claims that Bailey asserts against defendants King-Osugi, Noel, Green and Yarborough for lack of timely service; and (2) dismisses with prejudice all of his claims for declaratory relief. The Court also grants defendants Sheahan, Velasco and Anderson's Rule 12(b)(6) motion and dismisses without prejudice the damage claims asserted against them. Plaintiff has fourteen days from the date of this Order to amend his complaint in accordance with this Order. If he fails to do so in that time period, the dismissal of the damage claims asserted against Sheahan, Velasco and Anderson is with prejudice.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUN 2 0 2003 | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 31 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 JUN 19 AM 9:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02 C 7226 |
| | ) Paul E. Plunkett, Senior Judge |
| MICHAEL SHEAHAN, et al., | ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Javier Bailey has sued Michael F. Sheahan, Cook County Sheriff, Ernesto Velasco, Director of the Cook County Jail, Cook County Corrections Officers Anderson, King-Osugi, Green, Noel and Yarborough, and three Calumet City police officers for their alleged violations of his constitutional rights. Sheahan, Velasco and Anderson have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims asserted against them. For the reasons set forth below, the motion is granted.

### Facts

DOCKETED
JUN 2 0 2003

Javier Bailey has been held at the Cook County Jail since November 16, 2000. (First Am. Compl. ¶ 3.) The first cell in which he was housed was condemned. (Id. ¶ 15.) On February 4, 2001, plaintiff slipped on water that had leaked into the cell, fell and injured his back. (Id.) Though he requested medical assistance, defendant Noel refused to provide it. (Id.)

Subsequently, Bailey was moved to another condemned cell, the door to which had to be opened manually. (Id. ¶ 16.) In October 2001, Bailey was locked in his cell from 8:00 a.m. until

12:00 p.m. because defendant King-Osugi failed to open the door. (Id.) During that time, Bailey had an asthma attack and was forced to use another inmate's asthma pump for relief. (Id.) When King-Osugi returned, Bailey requested medical attention, but she refused to provide it. (Id.)

At some unspecified point during his incarceration, Bailey became sick after eating the jail food. (Id. ¶ 17.) He reported his condition to defendant Yarborough, but was again refused medical care. (Id.)

Beginning in December 2001, Bailey began to suffer from headaches and a toothache. (Id.¶ 18.) When he was allowed to see a doctor several months later, Bailey was diagnosed with tension headaches. (Id.) Sometime thereafter, when he saw a dentist, he was told that the headaches were related to the tooth. When the tooth was pulled in May 2002, the headaches stopped. (Id.)

At some point, Bailey was transferred from Section 3-C to Section 3-G of Division 9 of the Jail. (Id. ¶ 19.) Bailey told defendant Anderson that he had enemies in Section 3-G and asked for another transfer. (Id.) Bailey was not transferred and on May 31, 2002 he was attacked by several other inmates. (Id.) Since the beating, Bailey has had vision problems and suffers chronic headaches. (Id.) Defendant Green was aware of the beating, but made no attempt to move Bailey. (Id.)

Bailey contends that the Cook County defendants' failure to provide him with medical care and to protect him from attack violated his Fourteenth Amendment rights. He seeks both damages and declaratory relief.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding

-2-

Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

This motion is brought by only three of the seven Cook County defendants named in the complaint. The other four, Corrections Officers Green, Noel, King-Osugi and Yarborough, have yet to be served. Bailey says he tried to serve these defendants in January 2003, but was told that the Jail does not employ any officers named King-Osugi or Noel and that it employs several officers named Yarborough and Green. Apparently, Bailey has made no further attempts in the last five months, through the discovery process or otherwise, to identify, locate and serve these defendants. Rule 4 requires that defendants be served within 120 days after the filing of the complaint. FED. R. CIV. P. 4(M). Bailey filed his first amended complaint, which added these officers as defendants, on November 13, 2002. In the intervening seven months Bailey has not served these defendants, sought an extension of time to serve them or explained his failure to do so. Accordingly, the Court *sua sponte* dismisses the claims against Officers King-Osugi, Noel, Green and Yarborough for lack of timely service.

The Court also *sua sponte* dismisses Bailey's requests for a declaration that the Cook County defendants' actions violated the Fourteenth Amendment. (See First Am. Compl., Prayer for Relief.) Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." 10B CHARLES ALAN WRIGHT, JR., ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2759 (3d ed. 1998)

(internal quotation marks and citation omitted). In this case, it will do neither. Bailey contends that he was injured when the Cook County defendants failed to provide him with necessary medical attention and failed to protect him from a known danger. A declaration that the County defendants' actions were unconstitutional would do nothing to redress those injuries. Because declaratory relief is not a meaningful remedy for Bailey's claims, the Court declines to grant it. City of Highland Park v. Train, 519 F.2d 681, 693 (7th Cir. 1975) ("While the availability of another remedy does not preclude declaratory relief, a court may properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate.").

That leaves Bailey's damage claims against Sheahan, Velasco and Anderson, claims that are governed by the Prisoner Litigation Reform Act ("PLRA"). That statute requires prisoners to exhaust "such administrative remedies as are available" before filing a section 1983 suit. 42 U.S.C. § 1997e(a). Bailey alleges that he filed a grievance on his asthma attack claim, but does not claim to have done so for his back injury claim, his food-related illness claim, his chronic headaches claim, his dental care claim or his failure to protect claim. (See First Am. Compl. ¶¶ 15-19.)[1] Moreover, he does not allege that he *exhausted* administrative remedies for any of his claims. Bailey's failure to initiate the grievance process for five claims and his failure to complete it for the sixth, defendants say, dooms them all.

---

[1] Bailey says that the documents he attached to his response save these claims, and contends that we can consider them without converting this motion into one for summary judgment. The Court disagrees. The only documents outside of the pleadings that can be considered on a Rule 12(b)(6) motion are those that "a *defendant* attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) (emphasis added). Because these documents were not submitted by defendants, they do not fall within the narrow exception to the rule.

Not surprisingly, Bailey disagrees. Because he seeks money damages for past injuries, a form of relief not afforded by the County's grievance procedure, Bailey contends that there are no administrative remedies available to him.

There are several problems with this argument. First, Bailey does not affirmatively allege that damages are unavailable under the grievance procedure. Second, even if they are, it is not clear from the complaint that damages would be the only meaningful remedy for his claims. If, for example, Bailey still seeks a cell transfer or feels repercussions from the lack of medical attention provided for his back injury, his asthma attack or his food-related illness, then the grievance procedure could still provide effective relief. Finally, even if damages is the only meaningful remedy for Bailey's injuries and the County's grievance procedure does not provide it, that fact would still not excuse him from exhausting whatever administrative procedures the County does provide. Booth v. Churner, 532 U.S. 731, 741 (2001) (stating that PLRA mandates exhaustion "regardless of the relief offered through administrative procedures").

Bailey's second exhaustion argument focuses solely on his asthma attack claim. He says that he exhausted all available remedies on that claim, though he did not appeal, because there was no appeal available to him. The County's inaction on his grievance, Bailey says, precluded him from pursuing his grievance any further. (See First Am. Compl. ¶ 16.)

The problem with this argument is that Bailey does not allege, and we cannot infer, that a grievance must be decided before an appeal can be taken. If that is the case, then his asthma claim survives. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (holding that administrative remedies are exhausted if prison officials' failure to respond to grievance makes further remedies unavailable). If, however, the Cook County Jail grievance procedure allows inmates to pursue undecided grievances, then his asthma attack claim is barred.

In short, Bailey has not adequately alleged that he exhausted available administrative remedies on any of his damage claims against Sheahan, Velasco and Anderson. Accordingly, those claims mut be dismissed.

## Conclusion

For the reasons stated above, the Court *sua sponte*: (1) dismisses without prejudice all of the claims that Bailey asserts against defendants King-Osugi, Noel, Green and Yarborough for lack of timely service; and (2) dismisses with prejudice all of his claims for declaratory relief. The Court also grants defendants Sheahan, Velasco and Anderson's Rule 12(b)(6) motion and dismisses without prejudice the damage claims asserted against them. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend his complaint in accordance with this Order. If he fails to do so in that time period, the dismissal of the damage claims asserted against Sheahan, Velasco and Anderson is with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 6/18/03