# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7226 | DATE | 9/3/2003 |
| CASE TITLE | Javier Bailey vs. Michael Sheahan, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied part. All of the claims that plaintiff asserts against defendants Sheahan and Velasco and the medical care claim that plaintiff asserts against defendant Anderson are dismissed without prejudice. The Court gives plaintiff once last chance - his fifth, given this case's previous life before Judge Kennelly - to amend these claims, if he can do so in accordance with Rule 11. If plaintiff does not amend these claims within fourteen days of the date of this Memorandum Opinion and Order, the dismissal will become with prejudice. Defendants' motion to dismiss the failure to protect claim asserted against defendant Anderson is denied. Status hearing date of 10/1/03 at 9:30a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 SEP -4 AM 9:29 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAVIER BAILEY,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 02 C 7226
                          )   Paul E. Plunkett, Senior Judge
MICHAEL SHEAHAN, et al.,  )
                          )
        Defendants.       )

DOCKETED
SEP 05 2003

## MEMORANDUM OPINION AND ORDER

Javier Bailey has sued Michael F. Sheahan, Cook County Sheriff, Ernesto Velasco, Director of the Cook County Jail and Cook County Corrections Officer Anderson for their alleged violations of his Fourteenth Amendment rights.[1] Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims plaintiff asserts against them in his second amended complaint.[2] For the reasons set forth below, the motion is granted in part and denied in part.

---

[1] Plaintiff actually alleges that defendants violated his right to be free from cruel and unusual punishment. However, pretrial detainees like plaintiff are "protected by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition against cruel and unusual punishment." Henderson v. Sheahan, 196 F.3d 839, 844 n.2 (7th Cir. 1999).

[2] Defendants also ask the Court to strike plaintiff's complaint under 28 U.S.C. § 1915(g). Because their argument on this point is so poorly developed, however, the Court deems it to be waived. Clay v. Holy Cross Hospital, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (stating that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (internal quotation marks and citation omitted).

## Facts

Javier Bailey has been held at the Cook County Jail since November 16, 2000. (Second Am. Compl. ¶ 4.) The first cell in which he was housed was overcrowded. (Id. ¶ 14.) As a result, plaintiff was forced to sleep on the floor in a "blue plastic contrivance" that the inmates call a boat. (Id.) Moreover, water sometimes leaked into the cell soaking Bailey's bedding and, on February 24, 2001, causing him to fall and injure his back. (Id. ¶¶ 15-16.) Though he requested immediate medical assistance for that injury, defendants did not provide it. (Id. ¶ 16.)

Subsequently, Bailey was housed in another cell that had a malfunctioning lock. (Id. ¶ 21.) In October 2001, a corrections officer failed to open the cell door manually, leaving Bailey locked in the cell from 8:00 a.m. until 12:00 p.m. (Id.) During that time, Bailey had an asthma attack and was forced to use another inmate's asthma pump for relief. (Id.) When the corrections officer appeared to open his cell Bailey requested medical attention, but none was provided. (Id.)

Sometime thereafter, Bailey was transferred from Section 3-C to Section 3-G of Division 9 of the Jail. (Id. ¶ 19.) Bailey told defendant Anderson that he had enemies in Section 3-G and asked for another transfer. (Id.) Bailey was not transferred and on May 31, 2002 he was attacked by several other inmates. (Id.) Since the beating, Bailey has had vision problems and frequent headaches. (Id.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it

is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

### Exhaustion

Bailey's damage claims against Sheahan, Velasco and Anderson are governed by the Prisoner Litigation Reform Act ("PLRA"). That statute requires prisoners to exhaust "such administrative remedies as are available" before filing a section 1983 suit. 42 U.S.C. § 1997e(a). Bailey says he filed grievances on each of his claims, but received no response to any of them. (Second Am. Compl. ¶ 10.) The jail officials' inaction, Bailey alleges, made it impossible for him to pursue the process any further. (Id.) Because he pursued the jail's administrative procedures as far as he could, Bailey contends that he has satisfied the exhaustion requirement. (Id. (alleging that administrative process requires response from jail).)

Defendants say the jail officials' alleged inaction does not excuse plaintiff from the exhaustion requirement. Rather, defendants say, detainees are required to pursue administrative procedures even if the relief they seek is unavailable administratively. While that is true, see Booth v. Churner, 532 U.S. 731, 741 (2001) (stating that PLRA mandates exhaustion "regardless of the relief offered through administrative procedures"), it is also irrelevant. Plaintiff is not making a futility argument. Rather, he claims that he was *prevented* from exhausting his remedies by the jail officials' refusal to participate in the process. In such cases, our court of appeals has said, administrative remedies are unavailable and the exhaustion requirement is met. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002).

**Merits**

Before examining the claims individually, we must address a flaw common to many of them. Plaintiff is suing defendants Sheahan, Velasco and Anderson under 42 U.S.C. § ("section") 1983 solely in their individual capacities. (Second Am. Compl. ¶¶ 1, 8.) Liability under section 1983 "does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citation omitted). Plaintiff alleges that Sheahan "has ultimate responsibility for . . . the Cook County Jail" and that Velasco has "full responsibility for its day to day operations." (Second Am. Compl. ¶¶ 5, 6.) Those allegations support the inference that Sheahan and Velasco knew about and approved of the alleged practice of housing inmates in condemned cells and requiring them to sleep in "boats." It does not, however, support the inference that they knew and approved of housing plaintiff in a cell with a malfunctioning lock[3] or had any involvement in the alleged denial of treatment for plaintiff's back injury[4] or asthma.[5] Consequently, the latter claims must be dismissed.

---

[3] Even if Sheahan or Velasco had ordered that plaintiff be housed in a cell with a malfunctioning lock that claim would still have to be dismissed because a four-hour confinement is not a deprivation of constitutional magnitude. See infra at 5-6.

[4] Even if Sheahan or Velasco personally denied plaintiff treatment for his back injury, this claim would still have to be dismissed because the injury, as plaintiff describes it in his grievance, does not constitute a serious medical need. (See Second Am. Compl., Ex. B, 2/25/01 Grievance (alleging that plaintiff "scrap[ed] his back" on the edge of the bunk)); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (to state medical care claim "a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it").

[5] Even if Sheahan or Velasco personally denied plaintiff medical treatment for his asthma attack, this claim would still have to be dismissed. The grievance plaintiff filed about this incident

-4-

The medical care claim plaintiff asserts against defendant Anderson suffers the same fate. Plaintiff alleges that Anderson "was in charge of Division 9 [of the jail] during the time period in which [plaintiff] was injured." (Id. ¶ 7.) But that allegation does not support the inference that he had any involvement in, or even awareness of, the alleged denial of medical care to plaintiff for his asthma attack. Because plaintiff has not alleged that Anderson participated in that action, the medical care claim plaintiff asserts against him must be dismissed.[6]

That leaves the condemned cell and sleeping conditions claims plaintiff asserts against Sheahan and Velasco and the failure to protect claim plaintiff asserts against Anderson. To state a viable conditions-of-confinement claim, plaintiff must allege both that he suffered a serious deprivation and that defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A deprivation is serious within the meaning of Farmer only if it denies the inmate "the minimal civilized measure of life's necessities." Id. (internal quotation marks and citation omitted). Requiring a detainee to sleep on a mattress on the floor does not, however, constitute such a deprivation. See Jenkins v. Velasco, No. 94 C 7391, 1995 WL 765315, at *5 (N.D. Ill. Dec. 27, 1995) ("Jenkins' assertion that he was forced to sleep on the floor of the Cook County Jail for ten days . . . does not, in and of itself, amount to a sustainable allegation of a constitutional violation."); Coughlin v. Sheahan, No. 94 C 2863, 1995 WL 12255, at *1-2 (N.D. Ill. Jan. 12, 1995) (allegations that detainee was required to sleep on a mattress on the floor for nearly a year did not state

---

suggests that he had recovered from his asthma attack nearly an hour before the corrections officer appeared to open his cell. (Id. ¶ 21; Defs.' Mem. Supp. Mot. Dismiss Second Am. Compl., Ex. A, 11/4/01 Grievance.) Because plaintiff was apparently not in respiratory distress when he requested medical attention, defendants' refusal to provide it would not constitute deliberate indifference. See infra at 5-7.

[6] See n.5.

Fourteenth Amendment claim). Unless that sleeping arrangement caused plaintiff to suffer some serious injury, it cannot support a Fourteenth Amendment claim. See Landfair v. Sheahan, 878 F. Supp. 1106, 1112 (N.D. Ill. 1995) (plaintiff, who claimed he contracted meningitis from sleeping on the floor, alleged serious deprivation); Jenkins, 1995 WL 765315 at *5-6 (allegations that having to sleep on the floor coupled with the lack of clean clothing and the gang problems in the jail caused plaintiff to have a mental breakdown alleged serious deprivation). Because plaintiff has not alleged that the sleeping conditions caused him any injury, let alone a serious one, his claim must be dismissed.

Plaintiff's failure to allege that he was injured by the sleeping conditions also dooms his deliberate indifference allegations. Defendants were deliberately indifferent if they had "actual knowledge of impending harm easily preventable." Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001) (emphasis, internal quotation marks and citation omitted). Because plaintiff has not alleged that the sleeping conditions posed a threat to him, defendants could not have been deliberately indifferent to that threat.

The fact that plaintiff was housed in a condemned cell that leaked also does not constitute a serious deprivation. Plaintiff alleges that water leaked into his cell on two occasions. (Second Am. Compl. ¶¶ 15-16.) The first time, plaintiff says, the water soaked his bedding. (Id. ¶ 15.) The second time it caused him to fall and "scrap[e]" his back.[7] (Id., Ex. B, 2/25/01 Grievance.) Those

---

[7]In the body of his second amended complaint, plaintiff alleges that he "seriously injur[ed]" his back when he slipped on the water. (Second Am. Compl. ¶ 16.) That allegation is belied, however, by the grievance he filed about the incident, which says he scraped his back on the bunk when he fell. (Id., Ex. B, 2/25/01 Grievance.) When there is a conflict between the allegations of a complaint and an exhibit, the exhibit controls. See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998).

events, though unpleasant, are not the kind of "extreme deprivations" required to sustain a conditions-of-confinement claim. Henderson, 196 F.3d at 845 (internal quotation marks and citation omitted).

Deliberate indifference allegations are also lacking for this claim. Even if Sheahan and Velasco knew after plaintiff filed his first water-related grievance that water sometimes leaked into his cell – an assumption that is not supported by plaintiff's complaint – the only harm plaintiff reported was that his bedding became wet. (Second Am. Compl, Ex. A, 1/1/01 Grievance.) Wet bedding does not pose "a substantial risk of serious harm" to "inmate health or safety." Farmer, 511 U.S. at 837. Because plaintiff has not alleged that defendants knew that the water problem posed a serious threat to his well-being and disregarded that threat, he has not alleged that they were deliberately indifferent.

Finally, plaintiff alleges that defendant Anderson violated his Fourteenth Amendment rights by failing to protect him from the other inmates. Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners," but they breach that duty only if they are aware of, and disregard, an objective risk to an inmate's safety. Farmer, 511 U.S. at 833 (internal quotation marks and citation omitted); Mayoral v. Sheahan, 245 F.3d 934, 938 (7th Cir. 2001). Plaintiff alleges that: (1) he told Anderson he need to be transferred out of section 3-G because he had enemies there; (2) Anderson agreed to the transfer, but ultimately did nothing; and (3) as a result, plaintiff was severely beaten by other inmates and sustained permanent injuries. (Second Am. Compl. ¶ 19.) Those allegations adequately state a failure to protect claim against Anderson.

## Conclusion

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. All of the claims that plaintiff asserts against defendants Sheahan and Velasco and the medical care claim that plaintiff asserts against defendant Anderson are dismissed without prejudice. The Court gives plaintiff one last chance – his fifth, given this case's previous life before Judge Kennelly – to amend these claims, if he can do so in accordance with Rule 11. If plaintiff does not amend these claims within fourteen days of the date of this Memorandum Opinion and Order, the dismissal will become with prejudice. Defendants' motion to dismiss the failure to protect claim asserted against defendant Anderson is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 9-3-03